UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cr-00102-TWP-DML-51 |
| ) | |
| ROBERT MUEHLHAUSEN, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant Robert Muehlhausen's ("Mr. Muehlhausen") Motion to Dismiss Count 45 of the Superseding Indictment, pursuant to Federal Rules of Criminal Procedure 12 and 47. On June 3, 2013, the Court heard argument on the Motion and now makes its ruling. Because the Court finds that 18 U.S.C. § 922(g)(1) is not unconstitutional as applied to Mr. Muehlhausen, his Motion to Dismiss (Dkt. 1549) is **DENIED**.

### I. BACKGROUND

On July 11, 2012, federal agents and law enforcement personnel arrived at Mr. Muehlhausen's residence in search of Pamela Cummins, a co-defendant in this multi-defendant action. Mr. Muehlhausen permitted agents to enter and search his residence, including a gun safe. Agents discovered a number of firearms in the residence, and later determined that Mr. Muehlhausen was a convicted felon. On February 11, 1986, Mr. Muehlhausen was convicted of larceny from a person in Michigan, and sentenced to a six-month term of incarceration and three years' probation. In addition to his felony conviction, Mr. Muehlhausen sustained misdemeanor convictions in 1988 for resisting and obstructing an officer, assault, and possession of marijuana.

Because he was a convicted felon, Mr. Muehlhausen was charged under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm in Count 45 of the Superseding Indictment in this case.

Mr. Muehlhausen enlisted in the U.S. Army in 1981 when he did not have any convictions. At the time of his felony conviction, he was serving in the U.S. Armed Forces. He continued to serve in the Armed Forces after his 1986 conviction, including multiple tours of duty overseas in both Afghanistan and Iraq, during war times. Mr. Muehlhausen is currently a Sergeant First Class in the Army Reserve. He has received commendations, including the Bronze Star medal, for his service. In conjunction with his military service, Mr. Muehlhausen has received secret security clearance for access to secure computer networks. To receive clearance, he went through background checks in 1992 and 2009. Mr. Muehlhausen testified that in approximately 1990, he was referred to the FBI for a background check to join the Michigan National Guard. According to Mr. Muehlhausen, his 1986 conviction was a major issue in the 1992 background check, but the issue was adjudicated and after two years, he received clearance. Then, in 2009, Mr. Muehlhausen was interviewed at Camp Atterbury as part of a subsequent background check. The 2009 check took approximately four months, most likely because his conviction had been previously vetted and adjudicated in 1992.

The Superseding Indictment lists thirteen firearms that were found in and seized from Mr. Muehlhausen's residence. One of the firearms, a Walther P22 pistol, is a stolen firearm, though Mr. Muehlhausen says he purchased it at a gun show complete with the case and serial number, factory bar codes, stickers, and accessories. Of the thirteen firearms in his possession, Mr. Muehlhausen received eight from his grandfather or father, two were received as either a trade or payment from a fellow soldier, one—the stolen firearm—was purchased at a gun show, one was

purchased privately, and one was broken and in Mr. Muehlhausen's possession so he could fix it for a friend.

## II. DISCUSSION

Mr. Muehlhausen moves to dismiss the indictment against him by contending that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him. He does not challenge the facial constitutionality of § 922(g)(1), noting the pronouncement in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *See McDonald v. City of Chi.*, 130 S. Ct. 3020, 3047 (2010) (quoting and affirming the statement from *Heller* quoted above). Instead, Mr. Muehlhausen argues the Government cannot prove the law should apply to his personal circumstances.

Mr. Muehlhausen relies on *United States v. Williams*, 616 F.3d 685 (7th Cir. 2010) and *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) (*en banc*). In *Skoien*, the Seventh Circuit found that some categorical bans on the possession of firearms are constitutional, and the categories are not "restricted to those recognized in 1791, when the states approved the Bill of Rights." 614 F.3d at 641. However, the Seventh Circuit rejected the rational basis test as justification for a categorical ban, and held that "some form of strong showing ('intermediate scrutiny,' many opinions say) is essential"; that is, a categorical ban on the possession of firearms "is valid only if substantially related to an important governmental objective." *Id.* In *Williams*, the Seventh Circuit explained that the objective of § 922(g)(1) is to "keep firearms out of the hands of violent felons, who the government believes are often those most likely to misuse firearms." 616 F.3d at 693. To determine if § 922(g)(1) is constitutional in an as-applied

3

challenge, the Government must show a substantial relationship between the objective and a defendant's violent past. *Id.*

Mr. Muehlhausen contends the Government cannot meet its burden that as applied to him, there exists a substantial relationship between the Government's objective of preventing felons' access to guns due to his "violent" past. *See id.* Specifically, Mr. Muehlhausen argues that since his felony conviction in 1986, he "has lived a substantially law-abiding life, has enlisted and served his country in the United States Armed Forces, [and] has obtained security clearance." Dkt. 1549 at 8. Mr. Muehlhausen relies heavily on his military service and the fact that "the Government has authorized [him] to bear arms in her defense and in pursuit of liberty in theaters of war." Dkt. 1549 at 8. Because of this service, Mr. Muehlhausen argues it is incongruous to allow him to bear arms to protect the public on one hand, but to deny him his Second Amendment right to bear arms to protect himself in his home on the other. Moreover, he argues that he is not the sort of person Congress envisioned as a violent and risky felon, especially considering the passage of time between his 1986 conviction and instant 2012 charge.

To further support this position, Mr. Muehlhausen directed the Court during argument to *United States v. Barton*, 633 F.3d 168 (3d Cir. 2011), in which the Third Circuit stated that:

> To raise a successful as-applied challenge, [the defendant] must present facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections. For instance, a felon convicted of a minor, non-violent crime might show that he is no more dangerous than a typical law-abiding citizen. Similarly a court might find that a felon whose crime of conviction is decades-old poses no continuing threat to society.

*Id.* at 174. However, the defendant in *Barton* was unable to produce such facts. *Id.* Unlike in *Barton*, Mr. Muehlhausen argues his situation is the anomaly case where he can produce such facts that prevent the Government from satisfying its burden. The Court is not persuaded. While

4

sympathetic to Mr. Muehlhausen's argument, the Court cannot find that § 922(g)(1) is unconstitutional as applied to him.

First, Mr. Muehlhausen was convicted of larceny from a person.  *See* Mich. Comp. Laws § 750.357.  Specifically, the offense involved Mr. Muehlhausen confronting a pizza delivery man and stealing from his person, pizzas.  In the context of applying federal sentencing guidelines, the Sixth Circuit has concluded that larceny from a person, as defined by Michigan law, creates a substantial risk of physical harm to another.  *United States v. Payne*, 163 F.3d 371, 375 (6th Cir. 1998).  Thus, the court determined, the crime of larceny from a person was a crime of violence.  *See United States v. Howze*, 343 F.3d 919, 924 (7th Cir. 2003) (overruling a prior case and holding that "theft from a person is a violent felony under the Armed Career Criminal Act").  Likewise, this Court finds that Mr. Muehlhausen's felony created a substantial risk of physical harm to another person and was therefore a crime of violence.

Second, Mr. Muehlhausen does not dispute that in addition to his felony, he has additional misdemeanor convictions for resisting and obstructing an officer, assault, and possession of marijuana, which does not support Mr. Muehlhausen's claim that he has been a law-abiding citizen.  And it is "well-established that felons are more likely to commit violent crimes than are other law-abiding citizens." *Barton*, 633 F.3d at 175.  Thus, even if the larceny conviction were not a felony conviction for a crime of violence, the absence of a violent felony conviction alone is not dispositive.  The Government has a legitimate interest in keeping someone with Mr. Muehlhausen's prior conduct history from possessing firearms.

Third, Mr. Muehlhausen's military service, although it supports his claim and is most admirable, does not negate his criminal past.  Mr. Muehlhausen has presented no authority or case law to support that military service can negate a crime of violence.

Fourth, as the Government argued at the hearing, *Heller* and *McDonald* clearly uphold the long-standing regulatory measure that prohibits the possession of firearms by felons. Although in *Skoien* and *Williams*, the Seventh Circuit left the door open for an as-applied challenge, neither party nor the Court could locate any district court in the country that has ruled that the Second Amendment renders § 922(g)(1) unconstitutional as applied to a particular defendant.[1] Thus, for the reasons stated, the Court finds that the Government has met its burden of showing a substantial relationship between § 922(g)(1)'s objective and Mr. Muehlhausen's violent past.

Finally, as the Government argued at the hearing, had Mr. Muehlhausen wished to legally possess firearms, he has a statutory remedy available to him in Michigan. Under Michigan Compiled Laws § 28.424, a convicted felon may submit an application for restoration of those rights five years after three conditions have been met:

(i) The person has paid all fines imposed for the violation resulting in the prohibition.
(ii) The person has served all terms of imprisonment imposed for the violation resulting in the prohibition.
(iii) The person has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition.

Under 18 U.S.C. § 921(a)(2), "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction" for purposes including § 922(g)(1). Given this potential remedy, the Court is even more convinced that Mr. Muehlhausen's circumstances do not present the anomaly which would survive a constitutional challenge to § 922(g)(1).

---

[1] To the contrary, in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit stated that *Heller*'s pronouncement that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," *Heller*, 554 U.S. at 626, "suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Rozier*, 598 F.3d at 771. *See generally United States v. Smoot*, 690 F.3d 215, 220 n.6 (4th Cir. 2012) (listing circuit cases in which constitutional challenges to § 922(g)(1) have been rejected at least in part on the "presumptively lawful" language from *Heller*).

### III.  CONCLUSION

Accordingly, Mr. Muehlhausen's Motion to Dismiss (Dkt. 1549) is **DENIED**. As applied to Mr. Muehlhausen, 18 U.S.C. § 922(g)(1) is constitutional.

**SO ORDERED**.

Date: 06/17/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

G. Allen Lidy
ROSCOE STOVALL JR. & ASSOCIATES
alidy@roscoelaw.com

Bradley A. Blackington
OFFICE OF THE UNITED STATES ATTORNEY
bradley.blackington@usdoj.gov

Doris Pryor
OFFICE OF THE UNITED STATES ATTORNEY
doris.pryor@usdoj.gov